T. G. DABNEY, Sur. Part., *v.* NATCHEZ, JACKSON & COLUMBUS RAILROAD CO.

**Contract — Construction — Time of Performance — Declaration.**

> A declaration upon a written contract to build a railroad to a certain point by a certain time, surrendering all right or claim to 15 per cent of the contract until the construction of the road to the point named, in a suit to recover the 15 per cent reserved, is demurrable unless it avers the road was completed to the point named by the time specified in the contract.[1]

Suit by appellant against appellee to recover the sum of $4,500, balance due plaintiff on a contract to build part of its railroad. From an order sustaining a demurrer to his declaration plaintiff appeals.

The declaration alleges that defendant entered into a contract with the firm of T. G. Dabney & Co., on the 4th day of May, 1875, to construct and build and to do all work of every kind necessary for the completion of said road for use from the city of Natchez

---

[1] Where the absence of an allegation would render a declaration demurrable, then the allegation must be proved, unless its truth be admitted. Railroad Co. *v.* Provine, 61 Miss. 288.

to the town of Fayette, a distance of about twenty-five and a half miles, according to a certain agreed plan and specifications, to the satisfaction of the chief engineer of said company, and to be completed on or before the first day of November, 1875; that the said company on its part agreed to pay Dabney & Co. for said work and material furnished certain prices named in the declaration; that estimates were to be made on the first of each month after the commencement of the work relatively to the proportion in value to the whole of the work, and said company was to pay said firm 85 per cent of the total value of said estimates, and the remaining 15 per cent was to be retained by said company until the full approved performance of said work by said contractors, and subject to forfeiture, and that said 15 per cent was not in any event to be due and payable until the whole work should be completed and accepted under said agreement, and upon the acceptance of said work said 15 per cent should be paid; that it was further agreed that time was of the essence of the contract; that said T. G. Dabney & Co. entered upon the performance of said work, and payments were made to them from time to time in pursuance of the agreement, and 15 per cent was reserved up to the 1st of November, 1875, at which time there was due said Dabney & Co. the sum of $4,500; that on the 3rd day of November, 1875, the said parties to the contract consented in writing to rescind and annul said contract, except the right of Dabney & Co. to compensation according to the terms of its terms for work and material already done and furnished subject to the reservation of 15 per cent thereof to the company until the construction of the road to the said town of Fayette, and the said T. G. Dabney, for himself, agreed to proceed with and complete the construction of said road to Fayette upon the terms of the original contract, and the said company agreed that the said contract should be revived and remain in force until the 1st day of January, 1876. that notwithstanding that said road has long since been built, completed and finished to Fayette, yet the said defendant has hitherto wholly failed and refused, and still refuses and fails, to pay said sum of $4,500 to the said T. G. Dabney & Co., or either of the partners. Defendant demurred to the declaration, assigning as causes of demurrer:

1. The declaration shows no right of action in plaintiff against defendant; and

2. The declaration does not aver or show any completion of said railroad from Natchez to Fayette by plaintiff in accordance with the terms of the contract sued on.

. The demurrer was sustained and plaintiff appeals.

APPEALED from Circuit Court, Adams county, RALPH NORTH, Judge.

Affirmed, May 23, 1881.

Briefs of attorneys are not found in the record.

OPINION.—*Per curiam:*

The first contractors surrendered all rights and claims under their contract "except the right of compensation according to the terms of its terms (*i. e.,* according to the terms of said contract) for work and material already done and furnished subject to the reservation of 15 per cent thereof until construction of the road to Fayette." Evidently, to ascertain the meaning of this reservation, we must look to the original contract, and, looking there, we find that in order to entitle the contractors to this 15 per centum the road was to be completed by the 1st of November. Plaintiffs therefore cannot claim under that contract without averring a completion by that time. The new contract with the new contractor required the road to be completed to Fayette by the 1st of January, and unless this was done there was no right in any one to the 15 per centum of reservation, and no recovery of it can be had without an averment of such completion.

The new contract was simply a substitution of contractors and an extension of time by consent of all parties; no demand was to be made for the 15 per centum reservation by either set of contractors unless the new contract was faithfully carried out within the time specified in the extension.

*Affirmed.*